FILED

2003 NOV 25 A 10: 57

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT AT HARTFORD

-----------------------------------------------------------X
WINDHAM TRADING CORPORATION,    :   CIVIL ACTION NO.
                                :   3:03 CV 226 (CFD)
           Plaintiff,           :   CONSOLIDATED
                                :
                                :
V.                              :
                                :
BARTH & DREYFUSS OF CALIFORNIA, :
                                :
                                :
           Defendant.           :   NOVEMBER 24, 2003
-----------------------------------------------------------X

## JOINT MOTION TO MODIFY THE SCHEDULING ORDER

The Plaintiff, Windham Trading Corporation, and the Defendant, Barth & Dreyfuss of California, hereby jointly move for an order Modifying the Scheduling Order in the above referenced matter to make the deadlines consistent with the deadlines set forth in the Report of Parties' Planning Meeting filed in the matter known as <u>Windham Trading Corporation v. Barth & Dreyfuss of California</u>, Civil Action No. 3:03 CV 546 (AWT) and dated July 11, 2003. (A copy of the Report of Parties' Planning Meeting is attached hereto.) This matter was transferred on September 17, 2003 and ordered consolidated with <u>Windham Trading Corporation v. Barth & Dreyfuss of California</u>, Civil Action No. 3:03 CV 226 (CFD) on October 31, 2003. The consolidated docket number is 3:03 CV 226 (CFD). In support of this Motion, the parties state that it does not appear that either Scheduling Order from either Report of Parties' Planning

Meeting was ever entered in this matter. Accordingly, so as not to prejudice either case, the parties request that the Scheduling Order from the later filed case be entered.

**WHEREFORE**, the parties jointly and respectfully move for an order Modifying the Scheduling Order to make the deadlines consistent with the dates of the Report of Parties' Planning Meeting filed in the case, <u>Windham Trading Corporation v. Barth & Dreyfuss of California</u>, Civil Action No. 3:03 CV 546 (AWT) and dated July 11, 2003.

THE PLAINTIFF,
WINDHAM TRADING CORPORATION

By: _____
Deborah M. Garskof (ct18779)
Ury & Moskow, LLC
883 Black Rock Turnpike
Fairfield, CT 06825
203-610-6393 phone
203-610-6399 fax
deborah@urymoskow.com

THE DEFENDANT,
BARTH & DREYFUSS OF CALIFORNIA

By: _____
Jonathan S. Kagan, Esq. (ct 21957)
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
310-277-1010 phone
310-203-7199 fax

## CERTIFICATION

This is to certify that a copy of the foregoing Joint Motion to Modify the Scheduling Order was sent via facsimile and regular mail this 24th day of November, 2003, to the following:

Jonathan S. Kagan, Esq. (ct 21957)  
Irell & Manella LLP  
1800 Avenue of the Stars, Suite 900  
Los Angeles, CA 90067-4276  
310-277-1010 phone  
310-203-7199 fax  

James T. Shearin, Esq. (ct01326)  
Peter S. Olson, Esq. (ct16149)  
Pullman & Comley, LLC  
850 Main Street, P.O. Box 7006  
Bridgeport, CT 06601-7006  
203-330-2000 phone  
203-576-8888 fax  

_____  
Deborah M. Garskof

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
WINDHAM TRADING CORPORATION  : CIVIL ACTION NO.
: 303 CV 0546 (AWT)
   Plaintiff, :
:
V. :
:
BARTH and DREYFUSS OF CALIFORNIA, INC. :
:
   Defendant. : July 11, 2003
------------------------------------------------------------X

### REPORT OF PARTIES' PLANNING MEETING

Date Complaint Filed: March 27, 2003

Date Complaint Served: April 7, 2003

Date of Defendant's Appearance: By Appearance, Corporate Disclosure Statement and Motion
     for Extension of Time date May 20, 2003

  Pursuant to Fed. R.Civ.P. 16(b), 26(f) and D.Conn. L.Civ.R.38, a conference was held on June 23, 2003. The participants were:

Deborah M. Garskof, Esq., for Plaintiff, Windham Trading Corporation
Jonathan Kagan, Esq., for Defendant, Barth & Dreyfuss of California

I. **Certification**. Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of the report to their clients.

II. **Jurisdiction**.

A. **Subject Matter Jurisdiction**: Plaintiff maintains that this case arises under the Trademark Act of 1946, as amended 15 U.S.C. 1051 et seq., and under the copyright laws of the United States,

17 U.S.C. 101, et seq. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. 1121, 28 U.S.C. 1331, 1338(a) and 1338(b), and supplemental jurisdiction under 28 U.S.C. 1367(a) with respect to common law claims and claims arising under state law.

B. Personal Jurisdiction. Plaintiff maintains that this Court has personal jurisdiction over the Defendant as the Defendant transacts business within the District and derives substantial revenue from intrastate and interstate commerce, and the Complaint alleges that the Defendant has committed tortious acts within the District, and further alleges that Defendant has engaged in unfair competition and copyright infringement within this District.

### III. Brief Description of the Case.

A. Claims of Plaintiff.

The Plaintiff, Windham Trading Corporation ("Windham"), manufactures and sells a variety of consumer textile products. The designs/patterns of these tablecloths, napkins, placemats and rugs have a distinctive appearance and are vital elements of Windham's business. One of Windham's original textile design is at issue here. It is known as "Leaf Shadow" copyright registration number VAu 479-784. Plaintiff contends that this design is Windham's original work and that Windham owns the copyright right to the design as of April 3, 2000. In addition, Windham asserts that the distinctive appearance of the design constitutes trade dress owned by Windham, which is protected by section 43(a) of the Lanham Act.

In this action, Plaintiff alleges that the Defendant, Barth & Dreyfuss of California ("Barth & Dreyfuss") is impermissibly manufacturing and/or selling textiles containing the above referenced copyrighted design that infringes upon Windham's copyright and trade dress rights. As a result, Windham is seeking to have the Defendant cease and desist from further use of the pattern and compensate Windham for losses associated with the violations.

B. Defenses and Claims of Defendant

In its Answer to Plaintiff's Complaint, Defendant Barth & Dreyfuss has asserted 13 Affirmative Defenses. The Defenses are as follows:

1. Failure to state a claim on which relief can be granted.
2. Copyright invalid.
3. Fair use.
4. Abandonment of copyright.
5. Estoppel.
6. Innocent infringement.

2

      7. Unclean hands.
      8. Copyright misuse.
      9. Laches.
      10. Waiver.
      11. Preemption.
      12. No likelihood of confusion.
      13. No secondary meaning.

Barth & Dreyfuss has not asserted any counterclaims against the Plaintiff.

**IV. Statement of Undisputed Facts.** Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1.     The Plaintiff, Windham, is a corporation duly organized and existing under the laws of the State of New York.

2.     The Plaintiff has a principal place of business located at 38A Grove Street, Ridgefield, Connecticut.

3.     The Defendant, Barth & Dreyfuss, is a corporation with a principal place of business located at 2255 N. Ontario Street, Suite 300, Burbank, California, 91504.

4.     Barth & Dreyfuss manufactures and sells merchandise and places merchandise into the stream of commerce of the United States from which it derives revenue.

5.     Barth & Dreyfuss has not directly received a license from the Plaintiff, Windham that expressly refers to the "Leaf Shadow" design.

**V. Case Management Plan.**

A. <u>Standing Order on Scheduling in Civil Cases</u>. The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases. The parties request that the deadlines set forth in Parts D, E, F and G, below, be entered in lieu of the corresponding deadlines in the Standing Order on Scheduling in Civil Cases.

B. <u>Scheduling Conference With the Court</u>. The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b).

C. <u>Early Settlement Conference</u>.

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time. However, the parties believe that holding a settlement conference after discovery has been completed or substantially completed may assist the parties in resolving this matter at an early stage in the discovery process.

2. The parties anticipate that the above referenced discovery will be complete in or around August 2004 and, if a conference is warranted, would request that a settlement conference be held in September 2004.

3. The parties prefer a settlement conference with a Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. <u>Joinder of Parties and Amendment of Pleadings</u>.

1. Plaintiff should be allowed until May 5, 2004 to file motions to join additional parties.

2. Defendant should be allowed until May 5, 2004 to file motions to join additional parties. The Defendant filed an Answer to the Complaint on June 9, 2003.

3. Either party shall be free to object to the joinder of additional parties on any ground, including timeliness, and/or to object to an extension of the discovery period or any of the other deadlines herein in connection with the joinder of additional parties.

E. <u>Discovery</u>.

1. A. The parties anticipate that discovery will be needed on the following subjects:

a. Plaintiff's claims of infringement of the design.

b. Plaintiff's damage claims, including its claims of diversion of trade, loss of profits, loss of goodwill and damage to reputation.

c. Accountings of purchases, unit sales and sales price of allegedly infringing product.

d. Accounting of dates the allegedly infringing product was removed from Defendant's shelves.

e. The terms of the Defendant's purchase of the disputed product line.

f. The creation of Plaintiff's alleged original design.

g. Plaintiff's purported copyright.

h. Plaintiff's allegations of intentional infringement and misappropriation.

i. Plaintiff's allegations that Defendant's purported actions are likely to mislead customers.

j. Plaintiff's allegations of irreparable injury.

k. Plaintiff's licensing practice.

l. The licenses Plaintiff has granted for its designs.

m. Plaintiff's actions to enforce its alleged copyright, trademark, and/or trade dress rights.

n. Defendant's affirmative defenses.

1.    B.    The parties will serve their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by September 15, 2003.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by January 15, 2004 and completed (not propounded) by August 16, 2004.

3. Discovery will not be conducted in phases.

4. Not applicable.

5. The parties anticipate that the plaintiff will require a total of five (5) depositions of fact witnesses and that the defendant will require a total of ten (10) depositions of fact witnesses. The depositions will commence by February 16, 2004 and will be completed by August 16, 2004.

6. The parties will not request permission to serve more than twenty-five interrogatories with respect to their initial discovery request. However, the parties may request the right to serve

5

more than twenty-five interrogatories with regard to subsequent discovery requests in response to the adverse parties' disclosures.

7. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ. P. 26(a)(2) by June 15, 2004. Depositions of any such experts will be completed by July 15, 2004.

8. Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ. P. 26(a)(2) by July 12, 2004. Depositions of any such experts will be completed by August 16, 2004.

9. A damages analysis will be provided by any party who has a claim or counterclaim for damages. The Plaintiff will produce such an analysis by January 19, 2004. Plaintiff reserves the right to amend or modify its damage analysis within seven (7) days after the completion of expert witness depositions, if any. In the event of such amendment or modification, Defendant shall have fourteen (14) days in which to conduct additional discovery, including depositions, directed solely to the Plaintiff's revised damage analysis.

F. <u>Consolidation</u>. The parties believe that this case should be consolidated with Civil Action No. 303CV226 (CFD), pending before the Honorable Christopher F. Droney in this Court. Both cases involve the same parties, the same claims, and similar fact patterns. Accordingly, the parties intend to file a motion to consolidate this case with Civil Action No. 303CV226 (CFD) before Judge Droney.

G. <u>Dispositive Motions</u>. Dispositive motions will be filed on or before September 15, 2004.

H. <u>Joint Trial Memorandum</u>. The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by December 5, 2004.

6

**VI. Trial Readiness.** **The case will be ready for trial by December 5, 2004.**

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote just, speedy and inexpensive determination of this action.

Plaintiff, Windham Trading Corporation

By: _____
Deborah M. Garskof, Esq.


Defendant, Barth & Dreyfuss of California

By: _____
Jonathan S. Kagan, Esq.

7